STATE of Wisconsin, Plaintiff-Respondent,

v.

David Lee GILBERT, Defendant-Appellant.
[Nos. 82–1837–CR, 82–1838–CR.]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Leonard K. BRAXTON, Defendant-Appellant.
[No. 83–265–CR.]

Supreme Court

*Nos. 82–1837–CR, 82–1838–CR, 83–265–CR. Argued November 2, 1983.—Decided November 30, 1983.*

(Also reported in 340 N.W.2d 511.)

For the defendant-appellant, David Lee Gilbert, there were briefs and oral argument by *Margaret A. Maroney,* assistant state public defender.

For the defendant-appellant, Leonard K. Braxton, there were briefs by *Alan G. Habermehl* and *Kalal & Habermehl,* Madison, and oral argument by *Alan G. Habermehl.*

For the plaintiff-respondent there were briefs by *Scott L. Horne,* La Crosse county assistant district attorney, and *Pamela Magee-Heilprin,* assistant attorney general, with *Bronson C. La Follette,* attorney general, on the briefs and oral argument by *Ms. Magee-Heilprin.*

Amicus curiae brief was filed by *Frank J. Remington,* Jackson Professor of Law, and *Ronald F. Talsky,* supervising attorney, for the Legal Assistance To Institutionalized Persons Program, Madison.

STEINMETZ, J. The issue in these cases is the same and that is whether sec. 973.155, Stats.,[1] requires that

[1] Sec. 973.155, Stats., provides:

"**973.155 Sentence credit.** (1)(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, 'actual days spent in custody' includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

"1. While the offender is awating trial;

"2. While the offender is being tried; and

"3. While the offender is awaiting imposition of sentence after trial.

a defendant be granted credit toward his sentence for time spent in the county jail as a condition of his probation.

David Lee Gilbert, pled guilty on April 23, 1982, to the misdemeanor charges of resisting an officer[2] and bail jumping.[3] That same day, the Honorable Peter G. Pappas, La Crosse county circuit judge, adjudged Gilbert guilty and sentenced him. On the resisting charge, Gilbert was sentenced to two months in the county jail.

"(b) The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation or parole hold under s. 57.06(3) or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction.

"(2) After the imposition of sentence, the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted, which finding shall be included in the judgment of conviction. In the case of revocation of probation or parole, the department shall make such a finding which shall be included in the revocation order.

"(3) The credit provided in sub. (1) shall be computed as if the convicted offender had served such time in the institution to which he or she has been sentenced.

"(4) The credit provided in sub. (1) shall include good time earned under ss. 53.11, 53.43, 56.07(3) and 56.19(3), whichever are applicable. The department may promulgate rules under ch. 227 to provide criteria for the awarding of good time allowed under this subsection.

"(5) If this section has not been applied at sentencing to any person who is in custody or to any person who is on probation or parole, the person may petition the department to be given credit under this section. Upon proper verifiction of the facts alleged in the petition, this section shall be applied retroactively to the person. If the department is unable to determine whether credit should be given, or otherwise refuses to award retroactive credit, the person may petition the sentencing court for relief. This subsection applies to any person, regardless of the date he or she was sentenced."

[2] Sec. 946.41(1), Stats.

[3] Sec. 946.49(1)(a), Stats.

Sentence was stayed and he was placed on probation for six months, with the condition that he spend the first thirty days in the county jail. Gilbert received a four-month sentence to the county jail for the bail jumping offense, which was also stayed. For the bail offense, he was placed on probation for one year, concurrent with the other probation term, with the condition that he serve the first sixty days in the county jail. Judge Pappas further ordered that Gilbert be given 24 days credit against both of these sentences,[4] and that the credit apply to the condition of probation confinement.

Gilbert was confined in the La Crosse county jail for sixty days, from March 30, 1982, to May 28, 1982, as fulfillment of the court's condition of his probation. At the time Judge Pappas granted probation, he also ordered Gilbert be allowed work release privileges.

Gilbert's probation was revoked on August 9, 1982, approximately two months after his release from the county jail.

A hearing was held before the sentencing judge on Gilbert's motion for sentence credit on September 13, 1982. Counsel requested that sixty days credit be given for the time Gilbert spent in the county jail as a condition of probation relying on Wis. J. I.—Criminal, Part III, SM–34A[5] as authority. The state did not object to

---

[4] The 24 days credit was actually not given Gilbert until after his probation was revoked.

[5] The relevant portions of Wis. J. I.—Criminal, Part III, SM–34A, state as follows:

"Although sec. 973.155 may not explicitly require that the sentence credit determination be made in cases where sentence is withheld and probation ordered, the Committee recommends making the determination in sentence withheld cases as well. . .

. . . .

"A. Custody

" 'In custody' is not defined for purposes of sec. 973.155. It is suggested that the definition of 'custody' used for purposes of the criminal escape statute, sec. 946.42, may also be applicable

the motion. The court ruled it would not give Gilbert credit for the time spent in jail as a condition of probation. Gilbert appealed; this court accepted certification from the court of appeals.

On March 23, 1981, Leonard K. Braxton was charged with the misdemeanor of battery[6] and as a repeater.[7] On August 28, 1981, Braxton entered a plea of no contest to the charges. The plea was accepted by the Honorable Michael B. Torphy, Jr., Dane county circuit court judge, who adjudged Braxton guilty of the offenses and ordered a presentence investigation.

On October 19, 1981, the court entered judgment withholding sentence, and placing Braxton on probation for a period of two years, with the condition that Braxton spend the first 12 months of that probation confined to the Dane county jail. The court also granted defendant credit toward the probationary incarceration of 26 days

---

to the sentence credit issue: If any part of the offender's status would be considered 'custody' for purposes of escape sentence, credit is due.

" 'Custody' is defined as follows in sec. 946.42(5)(b):

" '. . . actual custody of an institution or of a peace officer or institution guard and constructive custody of prisoners temporarily outside the institution whether for the purpose of work, medical care, a leave granted under sec. 56.068 or otherwise.'

"The following situations would be within this definition of custody:

"1. detention in the county jail before bail is set or thereafter;

"2. detention in the county jail during nonworking hours as a condition of bail release or probation;

"3. commitment for the determination of competency to stand trial under sec. 971.14(2) or commitment as not competent to stand trial under sec. 971.14(5);

"4. detention in jail in another state when that detention is in connection with a course of conduct for which sentence is imposed in Wisconsin." *Id.* at 5-6.

[6] Sec. 940.19(1), Stats.

[7] Sec. 939.62(1)(a), Stats.

for preconviction confinement due to inability to post bail.

Braxton's probation was subsequently revoked. In a letter dated July 3, 1982, the department of health and social services conveyed to the circuit court an order revoking Braxton's probation and a warrant for his arrest. The court scheduled a second sentencing proceeding, which was held on August 30, 1982. The court imposed a sentence of confinement to the Wisconsin state prison system for a term of 30 months. The court granted Braxton 179 days of credit for preconviction incarceration and for time spent in custody from the date of the imposition of the probation hold through the date of sentencing. Counsel requested that the court also grant Braxton credit for the period from October 19, 1981, through March 31, 1982, some 164 days, which time Braxton spent incarcerated in the county jail as a condition of his probation. The court refused to grant such credit and on September 17, 1982, entered judgment of conviction embodying the court's sentence and decision on credit. On February 14, 1983, Braxton filed a notice of appeal from the sentence imposed by the trial court, for the purpose of reviewing the court's decision denying him credit for probationary jail time. The court of appeals certified the appeal to this court and we accepted the certification.

Sec. 973.155(1)(a), Stats., requires that a sentenced defendant be given credit "for all days spent in custody in connection with the course of conduct for which sentence was imposed." Actual days in custody are described as including:

"[W]ithout limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
"1. While the offender is awaiting trial;

"2. While the offender is being tried; and

"3. While the offender is awaiting imposition of sentence after trial."

In the absence of ambiguity, this court will give the words of a statute their obvious and ordinary meaning and will not resort to judicial rules of construction. *Parker v. Percy*, 105 Wis. 2d 486, 489, 314 N.W.2d 166 (Ct. App. 1981); *Wis. Bankers Ass'n v. Mut. Savings & Loan*, 96 Wis. 2d 438, 450, 291 N.W.2d 869 (1980). A statute is ambiguous if reasonably well-informed persons can understand it in more than one sense. *Parker*, 105 Wis. 2d at 489.

Sec. 973.155(1)(a), Stats., is not susceptible to more than one interpretation; there is no basis for interpreting the statute as excluding custody as a condition of probation from the statute's coverage.

The statute provides that a defendant is entitled to credit for all days in custody that are connected to the course of conduct for which sentence was imposed. There is no question that the condition of probation jail time in the case of each Gilbert and Braxton is connected to "the course of conduct for which sentence was imposed," because the incarceration was a condition of each defendant's probation following conviction of their respective crimes and for their same offenses for which the sentences were imposed.

The question is whether confinement in the county jail as a condition of probation, with or without work release privileges, is being in "custody" within the meaning of the credit statute. The statute does not contain a definition for "custody"; however, the word has a common meaning. In the absence of a statutory definition, all words are construed according to common and

approved usage. *State v. Ehlenfeldt,* 94 Wis. 2d 347, 356, 288 N.W.2d 786 (1980) ; sec. 990.01(1), Stats.[8]

The common meaning of such words may be established by using dictionary definitions. *Ehlenfeldt,* 94 Wis. 2d at 356. Webster's Third New International Dictionary (1966) at 559, defines "custody" as: "guarding, keeping . . . 2: judicial or penal safekeeping: control of a thing or person with such actual or constructive possession as fulfills the purpose of the law or duty requiring it: imprisonment or durance ['restraint by or as if by physical force: confinement, imprisonment . . .'] of persons . . ." The Random House Dictionary of the English Language (1966) at 357, defines "custody" as: "2. the keeping or charge of officers of the law . . . 3. imprisonment; legal restraint." Both Gilbert's and Braxton's incarceration in the county jail as a condition of probation fall within any of those definitions.

The Wisconsin Criminal Jury Instructions Committee drafted special material to suggest standards for the proper determination of sentence credit under sec. 973.-155, Stats. Wis. J. I.—Criminal, Part III, SM 34A. The committee suggests "that the definition of 'custody' used for purposes of the criminal escape statute, sec. 946.42, may also be applicable to the sentence credit issue: If any part of the offender's status would be considered

---

[8] Sec. 990.01(1), Stats., provides:

"**990.01 Construction of laws; words and phrases.** In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature:

"(1) GENERAL RULE. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."

'custody' for purposes of escape sentence, credit is due."[9] *Id.* at 6.

Applying this standard, the committee recommended that credit be given for detention in the county jail during nonworking hours as a condition of probation. *Id.* at 6 and 10.

The special material is a comprehensive study of the sentence credit statute with guidelines for its implementation in the trial court. This special material prepared by the Criminal Jury Instructions Committee is entitled to the same weight that the Wisconsin Supreme Court gives to the committee's uniform jury instructions. In *State v. Kanzelberger*, 28 Wis. 2d 652, 659, 137 N.W.2d 419 (1965), the supreme court noted that the instructions "are the product of painstaking effort of an eminently qualified committee of trial judges, lawyers, and legal scholars, designed to accurately state the law and afford a means of uniformity of instructions throughout the state." *See State v. Genova*, 77 Wis. 2d 141, 150–51, 252 N.W.2d 380 (1977), as recent cases demonstrating the Wisconsin Supreme Court's view that the committee's work is persuasive.

The attorney general issued an opinion dated March 23, 1982, 71 Op. Att'y Gen. 102 (1982), which stated that the department of health and social services did not have authority to grant jail credit where it is not provided by statute, *i.e.*, "for the period of time the revoked probationer may have spent in the county jail with work release privileges as a condition of probation." *Id.* at 106.

---

[9] Sec. 946.42(5)(b), Stats., "Escape," defines "custody" as including "without limitation actual custody of an institution or of a peace officer or institution guard and constructive custody of prisoners temporarily outside the institution *whether for the purpose of work* . . . ." (Emphasis added.)

In the opinion, the attorney general did not focus on the language "without limitation by enumeration" but rather on the words following that phrase of sec. 973.-155, Stats., and on case law which was decided when there was no statutory entitlement to credit. It has been stated that: "An Attorney General's opinion is only entitled to such persuasive effect as the court deems the opinion warrants." *Hahner v. Board of Ed. Wisconsin Rapids,* 89 Wis. 2d 180, 192, 278 N.W.2d 474 (Ct. App. 1979). *See also, Wood County v. Bd. of Vocational, T. & A. Ed.,* 60 Wis. 2d 606, 211 N.W.2d 617 (1973).

The clear intent of sec. 973.155, Stats., is to grant credit for each day in custody regardless of the basis for the confinement as long as it is connected to the offense for which sentence is imposed.

The defendants, Gilbert and Braxton, are each entitled to credit pursuant to sec. 973.155, Stats., for the days they individually spent in the respective county jail which were required as a condition of probation. Gilbert was entitled to credit on his motion when he was brought before the trial court upon revocation of probation and for execution of his sentences. Braxton was entitled to credit when his probation was revoked and sentence was imposed.

*By the Court.*—The order of the circuit court in case nos. 82–1837–CR and 82–1838–CR is reversed. The judgment of the circuit court in case no. 83–265–CR is reversed.