STATE of Wisconsin, Plaintiff-Respondent,

v.

Alvis COBB, Jr., Defendant-Appellant.†

Court of Appeals

*No. 86–0007–CR. Submitted on briefs September 29, 1986.—*
*Decided November 5, 1986.*

(Also reported in 400 N.W.2d 9.)

For the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintz*, assistant state public defender and *Margaret A. Maroney*, assistant state public defender.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general and *Mary Batt*, assistant attorney general.

---

† Petition to review denied.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. The subject of this appeal is whether time spent in a drug treatment facility as a condition of probation should be credited to an individual upon revocation under the sentence credit statute.[1] We hold that because the defendant was not "in custody" while at the center, within the meaning of sec. 973.155(1)(a), Stats., the trial court did not err in denying sentencing credit.

Alvis Cobb, Jr., was found guilty of delivery of heroin based on his plea of no contest. He was sentenced to six years in prison; the sentence was stayed and Cobb was placed on probation for four years commencing when he concluded serving a prison term on an unrelated conviction. As one of the conditions of his probation, he was ordered to either spend one year in the county jail with work release or go to a drug abuse treatment center. Upon Cobb's release from prison, he elected to go to the center.

Cobb was admitted to the "Wisconsin Family" Program on June 30, 1980 and participated until discharged on November 1, 1980. The basis for discharge was that he had completed treatment. On April 6, 1984, Cobb's probation was revoked and he began serving the six-year term.

Cobb subsequently filed a motion seeking sentence credit for presentencing incarceration plus the 121 days spent at Wisconsin Family as a condition of probation. The trial court granted credit for the presentence incarceration but not for the days at Wisconsin Family. Cobb appeals.

---

[1] We certified this case to the supreme court on July 23, 1986. Certification was denied on September 9, 1986.

Discussion of the issue must begin with *State v. Gilbert*, 115 Wis. 2d 371, 340 N.W.2d 511 (1983). In that case, the supreme court held that time spent in the county jail as a condition of probation, with or without work privileges, should be credited to an individual upon revocation under the sentence credit statute. In so holding, the court appeared to approve the reasoning of the Criminal Jury Instruction Committee that jail credit should be granted.

The same committee also opined that time spent in a treatment facility as a condition of probation should not ordinarily be credited against the sentence. Since this was not at issue in *Gilbert*, the opinion did not touch upon this recommendation. It is the issue here.

We adopt the recommendation of the Criminal Jury Instruction Committee and incorporate its analysis into this opinion by specific reference.[2]

---

[2] Wis J I—Criminal SM-34A at 9–11 states:

IV. IMPOSING SENTENCE AFTER PROBATION HAS BEEN REVOKED IN A SENTENCE WITHHELD—PROBATION ORDERED CASE

A. Determining sentence credit

The basic procedure outlined above should have been followed when the original disposition was ordered in the sentence withheld—probation ordered case. If probation is revoked and an offender is returned to court for imposition of sentence, another sentence credit determination must be made. Three separate periods of time are relevant to the new sentence credit determination:

1. days in custody prior to original disposition—this finding should be found in the judgment of conviction entered at the time of original disposition;

2. days in custody after original disposition and through the date of probation revocation—this finding should be found in the revocation order entered by the department; and

Thus, we agree that time spent in a treatment facility is not to be credited unless it is shown that the defendant was in custody. We further agree with the committee that whether a person was in custody, or was "confined" or "locked in" as the committee puts it, can be determined by reference to Wisconsin's escape statute. Since both the escape statute and sec. 973.155(1)(a), Stats., concern the custody of a convicted person, they may be read *in pari materia. State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). Custody is

---

3. days in custody after revocation, awaiting imposition of sentence—this finding must be made by the sentencing court.

B. "Custody" during the period of probation

Several questions may arise about what constitutes "custody in connection with the course of conduct" in the sentence withheld case. These relate primarily to whether certain restrictive situations constitute "custody."

It is clear that time spent in jail awaiting revocation should be credited. But restrictions on an offender during the probationary period raise questions:

1. Jail time as a condition of probation

Section 973.155 is not explicit about whether sentence credit is required for time spent in the county jail as a condition of probation. However, the Wisconsin Supreme Court has held that the statute's plain meaning requires that sentence credit be given for all days spent in custody as a condition of probation even though such custody may have been with work release privileges.

2. Time in a treatment facility as a condition of probation

The same interest in uniformity discussed above leads the Committee to recommend that time spent in a mandatory treatment program in a treatment facility other than a jail be credited under sec. 973.155 only if the confinement is like that in a jail—credit should be granted if the defendant is locked in at night.

The standard suggested by the Committee for deciding these questions is that discussed above at page 5: If *any part* of the offender's custody status qualifies as "custody" for the purposes of escape under sec. 946.42, sentence credit should be granted for time spent in such custody.

defined, in pertinent part, in sec. 946.42(5)(b), Stats., as follows:

> "Custody" includes without limitation actual custody of an institution or of a peace officer or institution guard . . . .[3]

The supreme court has interpreted this statute to say that actual custody is a limitation of either imprisonment or physical detention. *State v. Schaller*, 70 Wis. 2d 107, 111, 233 N.W.2d 416, 418 (1975).

Therefore, custody depends upon physical detention by an institution, institution guard or peace officer. The Criminal Jury Instruction Committee's analysis comports with this definition.[4]

No showing having been made that the defendant was physically detained at an institution, the trial court did not err in denying sentencing credit[5] for time spent at a treatment center.

*By the Court.*—Order affirmed.

---

[3] The statute also provides a definition for "constructive custody." This provision is inapplicable to the case before us, however, since it applies only where a prisoner is *temporarily let outside an institution* for purposes of work, medical care, leave or otherwise.

[4] We observe that it is doubtful whether any treatment facility other than a facility for the mentally ill or mentally defective has the power to lawfully confine a person. We further observe that just because a treatment facility locks its doors at night does not mean that those inside are "confined" or "physically detained." The restraint must be such as to keep persons from getting out, not just to keep outsiders from getting in.

[5] Since it was the defendant's motion that credit be given for time spent in the treatment center, it was defendant's burden to come forward with any evidence of "custody" as explained in this opinion.

NETTESHEIM, J. (*concurring*). While I concur with the majority's conclusion that Cobb is not entitled to sentence credit for the time spent at "Wisconsin Family" as a condition of probation, I disagree with the majority's wholesale adoption of the Criminal Jury Instruction Committee's SM-34A recommendation insofar as it pertains to determining such sentencing credit. This determination, according to the majority and SM-34A, turns upon whether the defendant is "locked in at night." I do not believe that custody for purposes of sentence credit should hinge on how a non-penal institution, be it public or private, chooses to restrict its residents during the nighttime.

Following its adoption of the "locked in at night" test, SM-34A, in the very next paragraph, states that this determination squares with custody concepts for purposes of the escape statutes. I submit it does not. I question whether a probationer who departs a non-penal institution which locks its residents in at night commits an escape. Even the Jury Instruction Committee, in fashioning standard escape instructions for most scenarios, has not contemplated (at least as yet) an instruction for escape from a non-penal institutional setting.[1] Were the majority's adoption of SM-34A lim-

---

[1] The standard escape instructions existing to date include:

1. Wis J I—Criminal 1770, Escape From Custody (sec. 946.42(1), Stats.): Custody resulting from legal arrest for a misdemeanor.

2. Wis J I—Criminal 1771, Escape From Custody (sec. 946.42(1) and (1m), Stats.): Custody resulting from legal arrest for a misdemeanor—leaving the state to avoid apprehension.

3. Wis J I—Criminal 1772, Escape From Custody (sec. 946.42(2), Stats.): Custody resulting from legal arrest for a felony, and

4. Wis J I—Criminal 1774, Escape From Custody (sec. 946.42(3), Stats.): Prison escape.

ited to custodial situations contemplated by the escape statute, I would be in full agreement with the majority opinion. However, SM-34A's linkage of custody to "locked up at night" considerations renders the Committee's analysis internally inconsistent. The majority opinion is similarly flawed.