STATE of Wisconsin, Plaintiff-Appellant,

v.

Sonya MOORE, Defendant-Respondent.†

Court of Appeals

*Nos. 90-0522-CR, 90-0523-CR. Submitted on briefs January 24, 1991.—Decided February 27, 1991.*

(Also reported in 467 N.W.2d 201.)

† Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *John C. Gelhard,* assistant corporation counsel.

There was a supplemental brief filed by *Donald J. Hanaway,* attorney general, and *Paul G. Lundsten,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Margaret A. Maroney,* assistant state public defender.

Before Brown, Scott and Anderson, JJ.[1]

SCOTT, J.   Sonya Moore, committed for a competency evaluation under sec. 971.14(5), Stats., was released from the Winnebago Mental Health Institute (Winnebago) when she had been confined for a period of time equal to her potential maximum sentence less "good time" credit.[2] The state appeals from the order

---

[1]Originally a one-judge appeal, this case was assigned to a three-judge panel upon this court's own motion. *See* Rule 809.41(3), Stats. Upon invitation, the attorney general submitted a brief on behalf of the state.

[2]Officially, the term "good time" applies only to county jail sentences. *See* sec. 53.43, Stats. The term has not been used in

releasing her, arguing that Wisconsin statutes do not provide for good time credit for persons committed for a competency evaluation. We agree, and reverse.

Moore faced two misdemeanor charges, the most serious of which—battery—carried a maximum sentence of nine months. At the arraignment, Moore's counsel questioned Moore's competency to stand trial, and on August 7, 1989, she was committed to Winnebago for a fifteen-day evaluation.

At a competency review held on September 5, Moore was found to be not competent but likely to become competent with proper treatment. She was committed to the custody of the Department of Health and Social Services pursuant to sec. 971.14(5), Stats. Moore was found to be still incompetent at a second review held three months later, and her custody with the department was continued.

On February 9, 1990, Moore brought a habeas corpus motion for release from confinement. She argued that she was entitled to release because she had served six months, twenty-three days—the maximum time she would have served if sentenced to jail and if good time credit were taken into account. Moore maintained that she was entitled to good time credit under secs. 971.14(5) and 973.155(4), Stats.

The trial court agreed. It ordered Moore released from commitment and remanded to the custody of the Racine county sheriff to be delivered to a medical hold-

reference to prison terms since 1984, although in that context the concept still survives in the form of mandatory release dates. *See* 1983 Wis. Act 528; *see also* sec. 53.11, Stats. Under both schemes, an incarcerated person must be released from custody upon serving a certain portion of his or her sentence unless the mandatory release date is extended for disciplinary reasons. *See* secs. 53.11 and 53.43.

ing facility. The trial court also ordered the county to commence involuntary commitment proceedings. *See* sec. 971.14(6)(b), Stats. The corporation counsel objected to the determination that Moore was eligible for good time credit on the incompetency commitment. The trial court reviewed the matter on February 14, 1990, and reaffirmed its decision. The state appeals.

Determining whether a defendant committed for a competency evaluation is eligible for good time credit requires that we interpret secs. 971.14(5) and 973.155, Stats. Statutory construction is a question of law on which the reviewing court owes no deference to the determination of the trial court. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). If a statute is plain on its face, we may not look beyond its language to ascertain its meaning. *Farm Credit Bank v. Gibson,* 155 Wis. 2d 325, 328, 455 N.W.2d 674, 675 (Ct. App. 1990).

Section 971.14(5)(a), Stats.,[3] provides in relevant part:

> **(5)** COMMITMENT. (a) If the court determines that the defendant is not competent but is likely to become competent within the period specified in this paragraph if provided with appropriate treatment, the court shall suspend the proceedings and commit the defendant to the custody of the department of health and social services for placement in an appropriate institution *for a period of time not to exceed* 18 months, or *the maximum sentence specified for the most serious offense with*

---

[3]Section 971.14(5)(a), Stats., was repealed and recreated by sec. 2850, 1989 Wis. Act 31, effective January 1, 1990. Since Moore's competency proceedings began on August 7, 1989, all statutory references in this opinion are to the 1987–88 statutes.

*which the defendant is charged,* whichever is less. Days spent in commitment under this paragraph are considered days spent in custody under sec. 973.155. [Emphasis added.]

Section 973.155, Stats., provides in relevant part:

**Sentence credit. (1)**(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced . . . which occurs:
1. While the offender is awaiting trial . . ..

. . ..

**(3)** The credit provided in sub. (1) shall be computed as if the convicted offender had served such time in the institution to which he or she has been sentenced.

**(4)** The credit provided in sub. (1) shall include earned good time for those inmates subject to s. 53.43, 56.07(3), or 56.19(3) serving sentences of one year or less and confined in a county jail, house of correction or county reforestation camp.

The trial court determined that secs. 971.14(5)(a) and 973.155(4), Stats., read together, entitle Moore to good time credit just as if she had been in custody following a conviction. The state disagrees, arguing that, on its face, sec. 973.155 in general applies only to convicted offenders, and subsec. (4) in particular applies only to inmates of certain county facilities.

■

We agree with the state. We read secs. 971.14 and 973.155, Stats., to entitle a *convicted offender* to sen-

tence credit for each day he or she already has spent in commitment while awaiting trial. To be eligible for such credit the individual first must be found incompetent and be committed for treatment pending trial, and then must be found competent, tried and convicted. Until such time, there exists no sentence against which credit can be given.

Section 973.155(1)(a), Stats., plainly states that a *convicted offender* shall be given sentence credit for all days spent in custody. Section 973.155(3) provides that the credit shall be computed as though the *convicted offender* had served the entire time in the institution to which he or she has been *sentenced.* Finally, sec. 973.155(4)—relied upon by Moore and the trial court—does not provide that good time credit be granted in advance of sentencing. Rather, it provides only that sentence credit "shall include earned good time *for those inmates . . . serving sentences . . . and confined*" in one of three types of county facilities. (Emphasis added.) Section 973.155(4) will apply to Moore's sentence credit computation only in the event she ultimately is convicted and sentenced to the county jail.

Moore correctly states that the clear intent of sec. 973.155, Stats., is to grant credit for each day in custody regardless of the basis for the confinement as long as it is connected to the offense for which sentence is imposed. *State v. Gilbert,* 115 Wis. 2d 371, 380, 340 N.W.2d 511, 516 (1983). She also is correct that "custody" includes commitment for the determination of competency to stand trial under sec. 971.14(2), Stats. Wis J I—Criminal, Part III, SM–34A.[4] We cannot agree, how-

[4]The special materials are considered "persuasive"—the same weight accorded to uniform jury instructions. *State v. Gilbert,* 115 Wis. 2d 371, 379, 340 N.W.2d 511, 515–16 (1983).

111

ever, that sec. 973.155(4) mandates granting good time credit before a defendant is sentenced.

Instead, the statutory language relied upon by Moore and the trial court governs the length of Moore's confinement on a *sentence,* not the length of her confinement on her *commitment.* Length of confinement on a commitment is governed by the first sentence of sec. 971.14(5)(a), Stats.:

> [The court] shall . . . commit the defendant to the custody of the department of health and social services for placement in an appropriate institution for a period of time not to exceed 18 months, or the maximum sentence specified for the most serious offense with which the defendant is charged, whichever is less.

Thus, Moore will be entitled to sentence credit and good time under sec. 973.155 at such time that she is convicted and sentenced. Until then, the length of Moore's confinement is limited by the "18 months, or the maximum sentence" language of sec. 971.14(5)(a).

Moore also advances several constitutional arguments to support her position that she is entitled to good time credit. She asserts that the purpose of secs. 971.14(5) and 973.155(4), Stats., is to ensure that a committed person is not confined longer under a commitment than he or she could have been under a criminal sentence. To interpret the statutes as we do, she contends, violates basic principles of due process and equal protection. We are not persuaded.

Moore's due process argument fails because she uses the word "sentence" as though it were interchangeable with "time served." To illustrate, Moore argues that due

process is violated if an incompetent person is confined longer than the maximum *time* she would have *served* had she been sentenced. This is incorrect. Due process requires that one found incompetent to stand trial may not be committed awaiting trial for a period longer than the potential maximum *sentence* he or she could receive for the underlying criminal offense. *See State ex rel. Deisinger v. Treffert,* 85 Wis. 2d 257, 268, 270 N.W.2d 402, 408 (1978).

A given offense carries a particular maximum sentence. Misdemeanor battery, the most serious offense with which Moore was charged, carries a maximum *sentence* of nine months. Absent extension of time for disciplinary reasons, the time a person actually would serve in the county jail on a nine-month sentence is six months and twenty-three days (three-fourths of the sentence). *See* sec. 53.43, Stats. Regardless of what portion of it actually is served, however, the sentence itself is still nine months. Section 971.14(5)(a), Stats., expressly protects Moore from a commitment of longer than nine months, her potential maximum sentence. We see no due process violation.

Moore also argues that our reading of the statutes violates equal protection guarantees because a person committed as not guilty by reason of mental disease or defect (NGI) is entitled under sec. 971.17(4), Stats.,[5] to mandatory release, while a person similarly charged but

---

[5]Section 971.17(4), Stats. (1987–88), provides in relevant part:

> When the maximum period for which a defendant could have been imprisoned if convicted of the offense charged has elapsed, subject to s. 53.11 and the credit provisions of s. 973.155, the court shall order the defendant discharged subject to the right of the department to proceed against the defendant under ch. 51 . . ..

committed as incompetent to stand trial is not. We are not persuaded that this amounts to a denial of equal protection.

When considering a challenge based upon equal protection and the classification at issue is not based on a fundamental right or a suspect class, we apply the "rational basis" test to determine the constitutionality of the legislative classification. *In re K.C. v. DHSS,* 142 Wis. 2d 906, 916, 420 N.W.2d 37, 40 (1988). Under this level of scrutiny, we must uphold a legislative classification if there exists any reasonable basis to justify it. *Id.* "[I]t is the court's obligation to locate or to construct, if possible, a rationale that might have influenced the legislature and that reasonably upholds the legislative determination." *Id.* (quoting *Sambs v. City of Brookfield,* 97 Wis. 2d 356, 371, 293 N.W.2d 504, 512 (1980)).

We conclude a rational basis exists for the legislative classification of which Moore complains. One committed as NGI has been afforded a judicial determination of his or her guilt. Moore has not. The state has an interest in assisting an accused incompetent to become competent. Accordingly, the legislature could have believed the differing treatment is justified by the desirability of rendering a defendant competent to stand trial so that, like that of the NGI defendant, Moore's guilt or innocence can be determined fairly.

Furthermore, the legislature also could have reasoned that the concepts of sentence reduction for "good time" and extension of the mandatory release date for misconduct are inapplicable to those like Moore who are determined to be incompetent. Those concepts are not necessarily inapplicable to defendants committed as

NGI. We need not determine whether these are the actual rationales underpinning the legislative classification, only whether they reasonably uphold it. *See In re K.C.,* 142 Wis. 2d at 916, 420 N.W.2d at 40. They do.

*By the Court.*—Order reversed.