STATE of Wisconsin, Plaintiff-Respondent,

v.

David HOLLIMAN, Defendant-Appellant.

Court of Appeals

*No. 93–1059–CR.  Submitted on briefs October 4, 1993.—Decided November 17, 1993.*

(Also reported in 509 N.W.2d 73.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J.   The sole issue is whether a defendant who is placed in community residential confinement from the intensive sanctions program can be charged with escape when the defendant cuts off an electronic monitoring bracelet and fails to return for

two months. Because we conclude that the statutes, when read in their totality, clearly allow for an escape charge under such circumstances, we affirm the conviction and sentence.

David Holliman was convicted of separate counts of attempted theft and theft. He was sentenced to a two and one-half year prison term on the attempted theft conviction and a consecutive three-month term for the theft conviction. On April 20, 1992, Holliman was paroled to the Division of Intensive Sanctions, which required him to participate in all of the components of intensive sanctions, including electronic monitoring for a minimum of three months. On May 2, 1992, Holliman was placed in his residence pursuant to a Community Residential Confinement Agreement.[1] He was instructed to remain there until further notice.

The next day, Department of Corrections officials were notified that computer records indicated that Holliman had left the residence and failed to return. Upon searching the residence, officials discovered Holliman's electronic monitoring bracelet, which had been cut with an instrument, lying on the dresser. The department issued a warrant for Holliman's arrest based upon his escape status.

On July 13, 1992, police arrested Holliman in his home. He was charged with escape contrary to sec. 946.42(3), Stats.[2] Holliman agreed to plead no contest as part of a plea agreement in which the state would

---

[1] The Community Residential Confinement Agreement, dated April 27, 1992, provided in part:

> Any failure to return to the CRC residence on schedule or leaving the confines of the authorized area to which I am assigned without permission, may be referred for prosecution as an escape under s. 946.42(3), Stats.

[2] Section 946.42, Stats., states in relevant part:

recommend a sentence of one and one-half years in prison, to be served consecutively to the sentence he was already serving. The court found Holliman guilty and sentenced him according to the plea agreement.

Whether the state can maintain an escape charge in this case requires us to interpret secs. 301.046 and 301.048, Stats. The interpretation of a statute is a question of law which this court reviews without deference to the trial court. *Schmidt v. Employe Trust Funds Bd.*, 153 Wis. 2d 35, 41, 449 N.W.2d 268, 270 (1990). When determining the meaning of a statute, our initial inquiry is to the plain meaning of the statute. *Id* . If the statute is unambiguous, the words of the statute must be given their obvious and intended meaning. *Id.*

We conclude that secs. 301.046 and 301.048, Stats., when read together in their totality, are unambiguous and clearly permit an escape charge when a prisoner placed in community residential confinement cuts off his or her electronic monitoring bracelet and fails to return.

Holliman argues that the trial court lacked jurisdiction because the complaint failed to state a crime. See *State v. Dreske*, 88 Wis. 2d 60, 81, 276 N.W.2d 324, 334 (Ct. App. 1979) (court lacks jurisdiction where information charges no offense). He contends that cutting off the electronic monitoring device and leaving his residence without permission did not constitute an

(3)   A person in custody who intentionally escapes from custody under any of the following circumstances is guilty of a Class D felony:

(a)   Pursuant to a legal arrest for, lawfully charged with or convicted of or sentenced for a crime.

351

escape because such actions do not qualify as an escape under sec. 301.048, Stats.

According to sec. 301.048(5), Stats., "[a]ny intentional failure of a participant to remain within the extended limits of his or her placement under sub. (3)(a)1 . . . is considered an escape under s. 946.42(3)(a)." Section 301.048(3)(a)1 refers to placements in a "Type 1 prison or jail, county reforestation camp, residential treatment facility or community-based residential facility."

Holliman contends that he cannot be charged with escape within the meaning of these statutes because a placement in the electronic monitoring phase of the intensive sanctions program pursuant to sec. 301.048(3)(a)3, Stats., does not fall within those placement areas enumerated in sec. 301.048(3)(a)1. Therefore, he argues that "[e]lectronic monitoring in one's residence is not a placement from which the defendant can escape." We disagree.

Holliman reads the statutes too narrowly, erroneously focusing solely on the provisions of the intensive sanctions program, sec. 301.048, Stats. Holliman neglects to indicate that as part of the intensive sanctions program he was placed in community residential confinement, which is governed by sec. 301.046, Stats.[3] Therefore, Holliman is subject to both secs. 301.046 and 301.048.

According to sec. 301.046(6), Stats., "[a]ny intentional failure of a prisoner to remain within the extended limits of his or her confinement . . . is considered an escape under s. 946.42(3)(a)." Under the plain

---

[3] According to sec. 301.046(3m), Stats., the Department of Corrections may place any intensive sanctions program participant in community residential confinement.

352

language of sec. 301.046(6), Holliman's actions of cutting his electronic monitoring device and leaving his residence without permission for more than two months clearly qualify as an escape.

Furthermore, the intensive sanctions program is considered a "correctional institution" under sec. 301.048(4)(b), Stats. As such, the institution "is a state prison as defined in s. 302.01." Section 301.048(4)(b). Therefore, when Holliman escaped from confinement he also violated sec. 946.42(3)(a), Stats., because he escaped from custody that was pursuant to a conviction and sentence. *See* sec. 946.42(3)(a).

*By the Court.*—Judgment affirmed.