STATE of Wisconsin, Plaintiff-Respondent,

v.

William E. SWADLEY, Defendant-Appellant.†

Court of Appeals

*No. 93–3387–CR. Submitted on briefs September 14, 1994.—Decided December 8, 1994.*

(Also reported in 526 N.W.2d 778.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Donald T. Lang*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary V. Bowman*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J.   This is an appeal from an order denying William Swadley's postconviction motion seeking sentence credit for time he spent in home detention pursuant to § 302.425, STATS.[1] We conclude that Swadley is not entitled to sentence credit while in home detention, and therefore affirm.

Swadley was convicted of child enticement, contrary to § 948.07(1), STATS., and sentenced to prison for five years with credit for twenty-two days previously served in the Dane County jail. He requested additional sentence credit for the time he had been restricted to his parents' home under an electronic monitoring program. The trial court denied his request. Swadley appeals.

---

[1] Swadley also appeals from his judgment of conviction but makes no argument as to any error that occurred at trial with regard to his conviction. Consequently, we consider only his appeal from the trial court's postconviction order.

██ To determine whether Swadley is entitled to sentence credit for time spent at home under electronic monitoring, we must construe §§ 302.425, 946.42 and 973.155, STATS. Statutory construction raises issues of law which are reviewed *de novo*. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992).

Sentence credit is authorized by § 973.155(1)(a), STATS., which reads in pertinent part: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Swadley argues that he was "in custody" while on home detention, and therefore entitled to credit against his sentence for the time spent in his parents' house under the electronic monitoring program.

Sentence credit litigation is not new. In *State v. Gilbert*, 115 Wis. 2d 371, 378-79, 340 N.W.2d 511, 515-16 (1983), the supreme court determined that we should use the escape statute, § 946.42(1)(a), STATS.,[2] to determine whether a person is "in custody" for sentence credit purposes. That statute provides:

> "Custody" includes without limitation actual custody of an institution, including a secured juvenile correctional facility, a secure detention facility, as defined under s. 48.02(16), or a juvenile portion of a county jail, or of a peace officer or institution guard and constructive custody of prisoners and juveniles subject to an order under s. 48.34(4m) temporarily outside the institution whether for the purpose of work, school, medical care, a leave granted under s. 303.068, a temporary leave or fur-

---

[2] *See infra note 3.*

lough granted to a juvenile or otherwise. Under s. 303.08(6) it means, without limitation, that of the sheriff of the county to which the prisoner was transferred after conviction. "Custody" also includes the custody by the department of health and social services of a child who is placed in the community under corrective sanctions supervision under s. 48.533. It does not include the custody of a probationer or parolee by the department of corrections or a probation or parole officer or the custody of a person who has been released to aftercare supervision under ch. 48 unless the person is in actual custody.

Section 946.42(1)(a).

In *State v. Cobb*, 135 Wis. 2d 181, 183-85, 400 N.W.2d 9, 10-11 (Ct. App. 1986), we followed *Gilbert*, and adopted the analysis of the Wisconsin Criminal Jury Instructions Committee that the definition of "custody" used in the escape statute would be applicable to the sentence credit statute, § 973.155(1)(a), STATS. After we decided *Cobb*, the legislature decided that one who violates home detention rules is guilty of an escape. Section 302.425(6), STATS. But that legislation in no way affected whether a home detainee is "in custody" for the purpose of computing sentence credit. To determine whether Swadley is in custody for sentence credit purposes, we continue to follow *Gilbert* and *Cobb* and look to § 946.42(1)(a), STATS.

Section 946.42(1)(a), STATS., is the specific subsection of § 946.42 that the Wisconsin Criminal Jury Instructions Committee said was applicable to sentence credit eligibility. It is also the specific subsection to which we referred when we adopted the Instructions

Committee's analysis in *Cobb*.[3] We had no reason in *Cobb* to discuss any other part of § 946.42, except the definition of "custody" found in § 946.42(1)(a).

The home detention statute, § 302.425(6), STATS., does not define "escape" by referring to § 946.42(1)(a), STATS., it refers to § 946.42(3)(a). Thus, the *Cobb* holding, that courts are to use the definition of "custody" found in § 946.42(1)(a) in determining sentence credit eligibility, is simply inapplicable to the legislature's determination in § 302.425(6) that an intentional failure to remain within the limits of his or her detention is punishable as an escape under § 946.42(3)(a). All that § 946.42(3)(a) really does is to make some types of escapes class D felonies.[4] That is irrelevant to the question of sentence credit. Trying to equate the two makes no sense.

██

It is undisputed that Swadley was not in the actual custody of an institution. Home detention is not the constructive custody of prisoners temporarily outside the institution for the purpose of work, school, medical care or furlough. Those are the definitions of "custody"

---

[3] Section 946.42(1)(a), STATS., was, at the time *Gilbert* and *Cobb* were written, numbered § 946.42(5)(b). Certain changes, not relevant to this discussion, were made to the statute after we wrote *Cobb*. Our statement in *Cobb*, 135 Wis. 2d at 184-85, 400 N.W.2d at 11, that "[c]ustody is defined, in pertinent part, in sec. 946.42(5)(b), STATS.," is now incorrect. The correct citation should be to § 946.42(1)(a).

[4] Section 946.42(3)(a), STATS., refers to "custody." But the "custody" part of that statute is unnecessary to determine the sentence for violating § 302.425(6), STATS. Indeed, were the "custody" part of § 946.42(3)(a) to become a part of § 302.425(6), the elements of a home detention escape would be in hopeless conflict.

found in § 946.42(1)(a), STATS. Thus, Swadley could not be found guilty of an escape under § 946.42. That he could be punished for violating his home detention rules under § 302.425(6), STATS., is irrelevant. *Cobb* does not use § 302.425(6) as the test for sentence credit. Because Swadley was not "in custody" while he was on home detention, he is not entitled to sentence credit under § 973.155(1)(a), STATS.

*By the Court.*—Order affirmed.