STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott I. COLLETT, Defendant-Appellant.

Court of Appeals

*No. 96–1952–CR. Submitted on briefs November 12, 1996.—Decided December 3, 1996.*

(Also reported in 558 N.W.2d 642.)

For the defendant-appellant the cause was submitted on the brief of *Scott I. Collet.*

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Pamela Magee,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.    Scott Collett appeals an order denying him sentence credit for time spent in the Department of Intensive Sanctions (DIS). Collett contends that the time he spent in the DIS program constitutes "custody" under § 973.155(1)(a), STATS., and therefore should be credited to his sentence. Because we conclude that whether an individual is in "custody" in the DIS program, and therefore entitled to sentencing credit, depends on evaluating the restrictions on the defendant's freedom imposed by the program, we remand to the trial court for findings of fact as to the specific restrictions the DIS program imposed on Collett's freedom.

Collett violated his probation and, as an alternative to revocation, he was offered placement in the DIS program, which he accepted. He participated in the program for one year and was discharged. Collett again violated his probation, which was revoked and the three five-year concurrent sentences previously imposed and stayed were implemented. Collett moved for sentence modification arguing that he should have been credited for the year he was in the DIS program. This motion was denied and this appeal followed.

■

Section 973.155(1)(a), STATS., authorizes sentence credit and reads: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Whether Collett is entitled to sentence credit is a matter of statutory construction. *See State v. Swadley*, 190 Wis. 2d 139, 141, 526 N.W.2d 778, 779 (Ct. App. 1994). Statutory construction involves questions of law that we review without deference to the trial court. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992).

Collett contends he was in custody for purposes of § 973.155(1)(a), STATS., and points to the plain language of WIS. STAT. ANN. § 301.048 (West Supp. 1996), which reads:

> **(4) Status.** (a) A participant is in the custody and under the control of the department, subject to its rules and discipline. A participant entering the program under sub. (2)(a) or (b) is a prisoner. A participant entering the program under sub. 2(c) is a prisoner, except that he or she is a parolee for purposes of revocation. A participant entering the program under sub. 2(d) is a prisoner, except that

he or she remains a probationer or parolee, whichever is applicable, for purposes of revocation.

In determining whether a person is in "custody" for purposes of sentence credit, our supreme court has concluded that an individual is in custody for sentence credit if the individual can be charged with escape under WIS. STAT. ANN. § 946.42(1)(a) (1996). *State v. Gilbert*, 115 Wis. 2d 371, 378-79, 340 N.W.2d 511, 513 (1983).

WISCONSIN STAT. ANN. § 946.42(1)(a) (1996), reads:

"Custody" includes without limitation actual custody of an institution, including a secured juvenile correctional facility, a secured child caring institution, as defined in s. 938.02(15g), a secure detention facility, as defined in s. 938.02(16), or a juvenile portion of a county jail, or of a peace officer or institution guard and constructive custody of prisoners and juveniles subject to an order under s. 48.366, 938.183, 938.34(4h) or (4m) or 938.357(4) or (5)(e) temporarily outside the institution whether for the purpose of work, school, medical care, a leave granted under s. 303.068, a temporary leave or furlough granted to a juvenile or otherwise. Under s. 303.08(6) it means, without limitation, that of the sheriff of the county to which the prisoner was transferred after conviction. It does not include the custody of a probationer or parolee by the department of corrections or a probation or parole officer or the custody of a person who has been released to aftercare supervision under ch. 938 unless the person is in actual custody.[1]

In *State v. Holliman*, 180 Wis. 2d 348, 509 N.W.2d 73 (Ct. App. 1993), we held that a person who cut off his electronic monitoring bracelets while in community

[1] Statute as modified July 1, 1996.

residential confinement from the intensive sanctions program to be guilty of an escape. Collett asserts that because he was subject to an escape charge that he must necessarily be in custody and be given sentence credit.

While the general rule regarding the definition of custody for sentencing purposes involves an examination of whether the person was in custody so that an escape charge would lie if the person improperly leaves custody, this test is not applicable to DIS prisoners. *Swadley*, 190 Wis. 2d at 141-43, 526 N.W.2d at 780. Although an individual commits an escape when leaving an electronic home monitoring without permission, this is "irrelevant to the question of sentence credit." *Id.* In linking the escape penalty to § 946.42(3)(a), STATS., rather than WIS. STAT. ANN. § 946.42(1)(a) (1996), the legislature was determining the appropriate penalty for leaving these programs and not determining whether participants in the DIS program would be given sentence credit. *Id.*

As in *Swadley*, because WIS. STAT. ANN. § 301.048(5) (West Supp. 1996), defines escape with reference to § 946.42(3)(a), STATS., not WIS. STAT. ANN. § 946.42(1)(a) (1996), the legislature's determination of the penalty for failing to remain in the limits prescribed under the applicable DIS program is irrelevant to the analysis of sentence credit. *Id.* The analysis is whether an individual is in custody, not whether the individual is subject to an escape charge. *Id.*

■

WISCONSIN STAT. ANN. °§ 946.42(1)(a), (1996), defines custody to include actual custody in an institution, including numerous types of secured facilities ranging from juvenile correctional to child

caring, as well as the county jail and the custody of peace officers or guards. We conclude that this list of examples is not exhaustive but only illustrative. All of the examples listed involve significant limitations on liberty. The legislature intended to give sentence credit for all instances when the individual is under the control of a state agent. This analysis is in accord with *State v. Cobb*, 135 Wis. 2d 181, 400 N.W.2d 9 (Ct. App. 1986). "[C]ustody depends upon physical detention by an institution, institution guard or peace officer." *Id.* at 185, 400 N.W.2d at 11. A participant in the DIS program is entitled to sentence credit only if he is in "custody."

*Cobb* discussed the degree of control that must be exerted over an individual to sufficiently infringe on the individual's freedom to be considered in custody. There the court found a DIS participant was in custody only if he was "locked in at night." *Id.* at 183-84 n.2, 400 N.W.2d at 10-11 n.2. The DIS program, however, allows for a wider variety of restrictions on liberty than just nightly confinement.[2] In fact, the DIS program has a wide range of sanctions available which restrict

---

[2] WISCONSIN STAT. ANN. § 301.048 (West Supp. 1996), provides:

**(3) Component phases.** (a) The department shall provide each participant with one or more of the following sanctions:

1. Placement in a Type 1 prison or a jail, county reforestation camp, residential treatment facility or community-based residential facility. The department may not place a participant under this paragraph for more than one year or, if applicable, the period specified by the court under s. 973.032(3)(b), whichever is shorter, except as provided in s. 973.032(4).

2. Intensive or other field supervision.

3. Electronic monitoring.

4. Community service.

5. Restitution.

freedom to varying degrees. For example, assignments in the program could range from community service to confinement in a jail. Further, these restrictions can be used in conjunction with one another over the course of an individual's placement in the program with some days or time spent in confinement and other time spent in one of the other programs. Because of the variety of restrictions on liberty within the DIS program, we conclude a bright line rule is impractical. The restrictions, however, must be so substantial as to amount to being locked in at night or its equivalent. While each case must be individually determined, sentence credit is only given if the restriction on a participant's freedom is the functional equivalent of confinement. Custody exists only if the individual's DIS program sufficiently infringes upon his or her freedom to equate with being under the State's control for a substantial period of time.

■

The record contains no evidence of Collett's restrictions in the DIS program. Accordingly, we cannot determine whether Collett was in custody for purposes of sentence credit. The case is remanded so the trial court can examine the extent to which Collett's freedom was limited during his year in the DIS program. The trial court should make findings as to Collett's program and the extent to which his liberty was restrained during his year in the DIS program to

---

6. Other programs as prescribed by the department.

(b) The department may provide the sanctions under par.(a) in any order and may provide more than one sanction at a time. Subject to the cumulative time restrictions under par.(a)1, the department may return to a sanction that was used previously for a participant. A participant is not entitled to a hearing regarding the department's exercise of authority under this subsection unless the department provides for a hearing by rule.

determine whether Collett was in custody for sentence credit purposes.

*By the Court.*—Order remanded with directions.