STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy L. OLSON, Defendant-Appellant.†

Court of Appeals

*No. 98–1450–CR. Submitted on briefs March 8, 1999.—Decided April 21, 1999.*

(Also reported in 595 N.W.2d 460.)

†Petition to review filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss,* assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *James M. Freimuth,* assistant attorney general.

Before Brown, Anderson and Ziegler,[1] JJ.

ANDERSON, J. Timothy L. Olson appeals from an order denying a postconviction motion for relief. Olson seeks a 256-day sentence credit for the time he served in the Division of Intensive Sanctions (DIS) program before his probation was revoked and he was given a five-year prison sentence. He argues that the trial court could not review a sentence credit determination made by the Department of Corrections (DOC); and if such review was permitted, the trial court erred by denying him credit for his DIS time. We reject these arguments and affirm.

On September 16, 1994, Olson was convicted of two counts of forgery contrary to § 943.38(2), STATS. Olson's sentence was withheld, and he was placed on probation for four years. As long as he complied with his probation conditions, an additional twenty days in jail was stayed.

After a violation, Olson's probation was modified on June 20, 1995, to include a ninety-day jail term. Later, he absconded from probation. Soon thereafter in December 1995, as an alternative to the revocation of his probation, Olson was offered placement in the DIS program, which he accepted. After making progress in the DIS program and having the electronic monitoring bracelet removed, Olson again absconded. During his second period of escape, Olson committed new offenses. When Olson appeared before the court for sentencing after the revocation of his probation on September 4, 1997, the court sentenced him to a five-year prison term for his forgery convictions.

---

[1] Circuit Judge Annette K. Ziegler is sitting by special assignment pursuant to the Judicial Exchange Program.

During the sentencing hearing, a debate arose over whether Olson should receive prison credit for his DIS time. The DOC recommended that he should receive the credit, which would deduct 256 days from his prison sentence. The State rejected the DOC's position because Olson was not incarcerated during the DIS time. The court agreed with the State's position.

Olson subsequently filed a postconviction motion with the court again seeking to credit his sentence with the time he spent in the DIS program prior to his probation revocation. Relying on *State v. Collett*, 207 Wis. 2d 319, 558 N.W.2d 642 (Ct. App. 1996), the court determined that Olson's participation in the DIS program was not the functional equivalent of confinement, and therefore, his sentence could not be credited. Olson appeals.

Supporting his appeal, Olson argues that in § 973.155(2), STATS., the legislature specifically delegated the authority to determine sentence credit following a probation revocation to the DOC and not to the trial court. He contends that the DOC recommended that he receive sentence credit for his time in the DIS program and that the trial court was without authority to review the sentence credit recommendation.

Section 973.155(2), STATS., provides:

> After the imposition of sentence, the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted, which finding shall be included in the judgment of conviction. In the case of revocation of probation, extended supervision or parole, the department . . . shall make such a finding, which shall be included in the revocation order.

460

In Olson's view of this statute, the first sentence allows the court to make a sentence credit determination in an ordinary case, and the second sentence exclusively conveys to the DOC the authority to make sentence credit decisions in cases of probation revocations. We are not persuaded.

■

Whether the trial court can review the DOC's determination on if a sentence credit should be given a defendant after his or her probation revocation is a question of statutory construction.[2] We review such questions without deference to the trial court. *See State v. Swadley,* 190 Wis. 2d 139, 141, 526 N.W.2d 778, 779 (Ct. App. 1994).

First, we will briefly review the sequence of events that led to this appeal. After his forgery conviction, Olson was placed on probation and his sentence was withheld. After violating his probation conditions and as an alternative to revoking his probation, Olson was offered placement in the DIS program. After his second escape, Olson's probation was revoked and he appeared

---

[2] The friction in this case, between the authority of the trial court and the DOC, is not comparable to the friction found in *State v. Horn,* No. 97–2751-CR, (Wis. Ct. App. June 24, 1998) certification now pending before the Wisconsin Supreme Court. In *Horn,* the issue being considered is, "Is it within the exclusive power of the judiciary to determine whether a defendant has violated the court imposed conditions of probation and whether probation should be revoked and the defendant sent to prison? Wis. Stat. § 973.10(2)." The issue we address here is much narrower—whether a trial court may reject the DOC's recommendation for sentence credit at a sentencing following the revocation of probation. We are satisfied the resolution of *Horn* will have no effect upon our decision in this case; therefore, we elected not to wait for the supreme court's decision in *Horn.*

before the court to be sentenced for the forgery convictions. Olson appeals from the court's order denying that the DIS time be credited to his prison sentence and disputes the court's authority to review the DOC's recommendation for sentence credit.

■ We conclude that the opening phrase of § 973.155(2), STATS.—"[a]fter the imposition of sentence"—determines this issue. This language expressly authorizes the court to make a finding on sentence credit *after* it has imposed a sentence. When Olson came before the court on September 4, 1997, a sentence had not yet been imposed on him for the forgery convictions. On the contrary, Olson's sentence had been withheld, and he had been placed on probation. Generally, probation is not a sentence but an alternative to a sentence. *See State v. Gereaux*, 114 Wis. 2d 110, 113, 338 N.W.2d 118, 119 (Ct. App. 1983). Here, Olson's probation was revoked and he was returned to the court to be sentenced under § 973.15, STATS. *See* § 973.10(2)(a), STATS. Therefore, because a sentence had not yet been imposed, § 973.155(2), STATS., gives the court the exclusive authority to determine the amount of sentence credit to be given a defendant when imposing a postprobation sentence. Accordingly, it was proper for the court to review the DOC's recommendation of a sentence credit for Olson's DIS time and make its own finding on the sentence credit.

■ Olson also disputes the court's conclusion that his participation in the DIS program was not "custody" and thus not applicable for a sentence credit. Whether a defendant is entitled to sentence credit is an issue we consider de novo. *See State v. Seeley*, 212 Wis. 2d 75, 81, 567 N.W.2d 897, 901 (Ct. App. 1997).

When deciding this issue, we determine that the court properly relied on *Collett*. In *Collett*, we stated that not all DIS participation could qualify as "custody" under § 973.155(1)(a), STATS., and thus qualify for sentence credit. *See Collett*, 207 Wis. 2d at 320, 558 N.W.2d at 643. Rather, whether a sentence credit will be given for DIS time depends on the restrictions imposed on the defendant's freedom by the program. *See id.*

> Because of the variety of restrictions on liberty within the DIS program, we conclude a bright line rule is impractical. The restrictions . . . must be so substantial as to amount to being locked in at night or its equivalent. While each case must be individually determined, sentence credit is only given if the restriction on the participant's freedom is the functional equivalent of confinement.

*Id.* at 325, 558 N.W.2d at 645.

The record reveals that while in the DIS program, Olson was required to wear an electronic monitoring bracelet and had to seek approval in order to leave his residence, but he was not locked in the home at night. Based on this information, the court concluded that Olson's DIS restrictions were not equivalent to "being locked in at night" as *Collett* requires. *See id.* We agree. Accordingly, Olson's participation in the DIS program does not qualify as "custody" for the purposes of a sentence credit under § 973.155(1)(a), STATS.

Allowing the court to review a DOC sentence credit determination for a postprobation case ensures adherence with the *Collett* mandate. In spite of the

abolishment of the DIS program,[3] there will remain many situations under which the DOC may grant sentence credit for activities that may or may not be equivalent to "being locked in at night." *Collett*, 207 Wis. 2d at 325, 558 N.W.2d at 645. For example, the DOC may place a probationer on home detention, electronic monitoring or in a rehabilitation facility and recommend that sentence credit be given for these activities. Section 973.155(2), STATS., provides for the court to make a finding about the extent to which the individual's freedom was restrained during these activities and whether this restraint equates with "custody." We conclude that § 973.155(2) allows for the DOC and the court to work together to determine the proper sentence credit to be given in postprobation sentencing. First, the DOC makes a sentence credit recommendation. Next, the court considers the recommendation and makes a finding on whether and how much sentence credit should be given when it imposes the sentence. This process was properly followed in this case. In addition, we agree with the trial court's application of the law and affirm.

*By the Court.*—Judgment and order affirmed.

---

[3] The intensive sanctions program will no longer be a sentencing alternative for any person convicted of a felony occurring on or after December 31, 1999. *See* 1997 Wis. Act 283, § 428.