STATE of Wisconsin, Plaintiff-Respondent,

v.

Alton BAKER, Defendant-Appellant.

Court of Appeals

*Nos. 93–0373–CR, 93–0374–CR. Submitted on briefs August 6, 1993.—Decided October 20, 1993.*

(Also reported in 508 N.W.2d 40.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *William J. Tyroler*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul Lundsten*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. Alton Baker appeals from an order denying him sentence credit pursuant to sec. 973.155, Stats.[1] The trial court denied Baker's motion for juvenile secure custody credit against a sentence imposed by the criminal court after a sec. 48.18, Stats., waiver of jurisdiction. The state now agrees that Baker is entitled to additional credit for the prewaiver juvenile

---

[1] Section 973.155, Stats., states in part:

**Sentence credit. (1)**(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

 1. While the offender is awaiting trial;

 2. While the offender is being tried; and

 3. While the offender is awaiting imposition of sentence after trial.

detention. We accept that concession and reverse the trial court.

This matter is complicated by the existence of two separate delinquency petitions, each accompanied with a request for waiver of jurisdiction to the adult criminal court.[2] The first petition alleged that on May 21, 1990, Baker operated a motor vehicle without the owner's consent (OAWOC) and resisted an officer. The second petition charged Baker with recklessly causing great bodily harm with a dangerous weapon on September 3, 1990. The record fails to indicate the filing dates of the delinquency petitions and waiver requests.[3]

Baker's first appearance in criminal court was on September 7, 1990 to respond to the waived OAWOC criminal complaint. The reckless harm matter was mentioned during the OAWOC bail discussion by Baker's attorney and cash bail was set without defense objection. On October 11, 1990, after the juvenile court had waived the reckless harm charge, Baker appeared in criminal court and the prosecutor conceded that Baker had been "in juvenile detention . . . and now the county jail." He remained in custody through August 26, 1991, when he was convicted and sentenced on the OAWOC and reckless harm charges.[4]

---

[2] Because the matters were treated together by the circuit court and the same issue was raised by both, the appeals were consolidated by an order dated April 16, 1993.

[3] We note that the record contains only the adult court files. Had the state not conceded this matter, we would have needed additional information from the juvenile court's file in order to establish the exact credit period.

[4] Baker pled guilty to the reckless harm count and was sentenced to ten years in prison. He also pled guilty to the OAWOC count and received a consecutive three-year probation term with no incarceration. The resisting charge was dismissed.

The state concedes that Baker was placed in secure juvenile detention on September 3, 1990 because of the reckless harm incident. We therefore assume that the delinquency petition and waiver request were filed on that date. The trial court awarded 319 days credit (October 11, 1990 to August 26, 1991) on a ten-year prison sentence for the reckless harm conviction. Baker seeks the additional thirty-nine days credit from September 3, 1990 to October 11, 1990.

██ Whether time spent in secure detention pending a waiver of delinquency jurisdiction to adult criminal court warrants sentence credit consideration is a question of statutory construction. We review such questions without deference to the trial court. *State v. Pettis,* 149 Wis. 2d 207, 209, 441 N.W.2d 247, 248 (Ct. App. 1989).

██ The trial court was correct in stating that "[i]n juvenile court, when an individual is sentenced to corrections, they [sic] do not get credit for time served in detention." This court has held, however, that a waiver proceeding is not a part of the delinquency proceeding. *In re T.M.J.,* 110 Wis. 2d 7, 11, 327 N.W.2d 198, 201 (Ct. App. 1982). In doing so we explained:

> It is the waiver hearing which determines whether a juvenile will be treated as an alleged delinquent child or as an adult criminal defendant in the first place. Once the determination is made and if the juvenile court retains jurisdiction, then, and only then, may delinquency proceedings take place. Therefore, if a waiver petition has been filed, then "delinquency proceedings" do not begin until the waiver hearing has taken place and jurisdiction has been retained.

*Id.*

██

Applying the *T.M.J.* rationale, it follows that if waiver of jurisdiction is granted, sentence credit would apply retroactively to the date of the filing of the juvenile petition and the waiver request. If the waived defendant is then incarcerated for the waived offense, such as Baker was in this case, secure juvenile detention time would be eligible for credit consideration under sec. 973.155, Stats., as if it were adult jail time.[5] Therefore, we hold that Baker is entitled to the additional thirty-nine days of credit.

*By the Court.*—Order reversed.

[5] The term "custody" is used in a broader sense in ch. 48, Stats., to refer to informal detention. We equate a juvenile custody order of less than secure detention with the granting of bail in criminal court, and therefore not appropriate for credit consideration under sec. 973.155, Stats.