STATE of Wisconsin, Plaintiff-Respondent,†

v.

Dwayne E. THOMPSON, Defendant-Appellant.

Court of Appeals

*No. 97–3245–CR. Submitted on briefs February 2, 1999.—Decided March 9, 1999.*

(Also reported in 593 N.W.2d 875.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Posner-Weber*, assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

SCHUDSON, J.   Dwayne E. Thompson appeals from the circuit court order denying his motion for additional sentence credit. He argues that the circuit

court erred in concluding that he was not entitled to credit for the time he was at the Ethan Allen School for Boys, in connection with a juvenile court commitment, while awaiting sentencing in the adult court. We agree and, therefore, reverse.

The facts are undisputed. On October 4, 1996, Thompson was arrested for operating a vehicle without the owner's consent, fleeing from an officer, and possession of marijuana. Although Thompson had turned eighteen approximately three months earlier, he was still on juvenile "aftercare" parole for two counts of first-degree recklessly endangering safety, while armed, endangering safety by use of a dangerous weapon, and possession of a dangerous weapon by a child. Following his arrest, the events relevant to Thompson's appeal are:

> October 7, 1996: Thompson made his initial appearance. Bail was set at $3,500.00 cash, a violation of parole (VOP) "hold" was placed on Thompson, and he remained in adult custody at the Milwaukee County Jail.

> November 3, 1996: Thompson's juvenile parole was revoked as a result of the new offenses; he remained in custody at the Milwaukee County Jail.

> January 9, 1997: Thompson pled guilty to the three charges. Sentencing was adjourned to February 12, and he remained in custody at the Milwaukee County Jail.

> January 17, 1997: Thompson was returned to the Ethan Allen School for Boys to continue serving his juvenile commitment after revocation, and to await his adult court sentencing.

> February 12, 1997: Despite an order to produce him for sentencing, Thompson was not produced

from Ethan Allen; sentencing was adjourned to March 4.

March 4, 1997:  Despite another order to produce him for sentencing, Thompson again was not produced from Ethan Allen; sentencing was adjourned to March 18.

March 18, 1997:  Due to a jury trial in progress, sentencing was adjourned to April 15.

April 15, 1997:  Thompson was sentenced.

At the April 15, 1997 sentencing, the circuit court awarded Thompson credit for the 105 days of Milwaukee County Jail custody between his October 4, 1996 arrest and his January 17, 1997 return to Ethan Allen. The court, however, denied Thompson's request for additional credit for the custody at Ethan Allen from January 17, 1997 to the day of sentencing.

Thompson argues that he should have been awarded credit for his time at Ethan Allen while awaiting sentencing or, at the very least, for the time between February 12 and April 15, 1997, when sentencing was repeatedly adjourned—twice because he was not produced, and once because the court was occupied with a jury trial. Although equitable factors certainly support Thompson's latter argument, we need not address it because, we conclude, Thompson is entitled to credit for the entire period at Ethan Allen from January 17, 1997 to the day of sentencing.

As the parties agree, our analysis must begin with § 973.155(1)(a), STATS., which provides:

A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes,

without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

1. While the offender is awaiting trial;
2. While the offender is being tried; and
3. While the offender is awaiting imposition of sentence after trial.

Denying Thompson's postconviction motion, the circuit court concluded that he was not entitled to credit for the period of Ethan Allen custody because it was "in connection with a juvenile commitment after his conduct resulted in revocation," and had "absolutely no connection whatsoever with the course of conduct for which sentence was imposed in this case." We disagree.

The application of § 973.155(1)(a), STATS., to undisputed facts presents a question of law this court reviews *de novo*. *See State v. Collett*, 207 Wis. 2d 319, 321, 558 N.W.2d 642, 643 (Ct. App. 1996). As we recently reiterated, "For credit to be awarded, two requirements must be satisfied: (1) the defendant must have been in custody for the period in question; and (2) the period in custody must have been in connection with the course of conduct for which the sentence was imposed." *State v. Beiersdorf*, 208 Wis. 2d 492, 496, 561 N.W.2d 749, 751–52 (Ct. App. 1997) (citation omitted). Here, it is undisputed that Thompson was "in custody" from January 17, 1997 to April 15, 1997.[1] The only

---

[1] Thompson argues that although "custody" is not defined in § 973.155, STATS., confinement at the Ethan Allen School for Boys must be considered "custody" because: (1) under § 938.02(15m), STATS., Ethan Allen is a "secured correctional

issue, therefore, is whether Thompson's Ethan Allen custody was "in connection with the course of conduct for which [his April 15, 1997] sentence was imposed."

Thompson concedes that if his custody at Ethan Allen constitutes a "sentence," then he would not be entitled to credit for the Ethan Allen period because, under *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985), a defendant is not entitled to credit for custody while awaiting sentencing when that custody also is satisfying a "sentence," following revocation, for a different offense. He maintains, however, that a juvenile court's dispositional commitment of a delinquent to Ethan Allen (and, by extension, the commitment period following juvenile parole revocation) is not a "sentence." Thompson is correct. As we have explained:

> While the term "sentence" is not statutorily-defined, sec. 973.15 clarifies that a "sentence" may be imposed only for a "conviction," and, statutorily, the term "conviction" does *not* include adjudications of juvenile delinquency. *See* sec. 48.35(1)(a) ("A judgment in proceedings on a petition under this chapter *is not a conviction of a crime*," (emphasis added)).

facility" and, therefore, under § 946.42(1), STATS., an unauthorized departure can be prosecuted as an escape; and (2) the Jury Instructions Committee recommended incorporating the definition of "custody" from § 946.42(1) when determining "custody" for purposes of awarding sentence credit, *see* WIS J I—CRIMINAL SM34-A, DETERMINING SENTENCE CREDIT UNDER SECTION 973.155, and the courts have done so, *see State v. Gilbert*, 115 Wis. 2d 371, 378–79, 340 N.W.2d 511, 515 (1983); *see also State v. Cobb*, 135 Wis. 2d 181, 183–84, 400 N.W.2d 9, 10 (Ct. App. 1986). The State essentially agrees and "assum[es] the time spent by Thompson at the Ethan Allen School after revocation of his aftercare is 'custody' for purposes of sec. 973.155."

*State v. Woods*, 173 Wis. 2d 129, 137, 496 N.W.2d 144, 148 (Ct. App. 1992). Accordingly, we agree with Thompson that *Beets* does not govern this appeal.[2]

---

[2] Additionally, as Thompson effectively explains, although certain analogies may be drawn between adult sentencing, after revocation of probation or parole, and juvenile commitment, after revocation of aftercare, significant, substantive differences exist:

> An adult whose probation or parole has been revoked is serving a sentence, and can only be released pursuant to a discretionary parole grant (after attaining parole eligibility) or upon mandatory release. A juvenile whose aftercare has been revoked is returned to a secure correctional facility, but can be returned to the community again on aftercare or through a change in placement. There is neither a parole eligibility, nor a mandatory release, date.
>
> An adult's criminal sentence is shortened by the amount of applicable sentence credit. The concept of "credit" is meaningless in the juvenile context, where a commitment can be extended. Time spent in custody is simply not creditable against the juvenile delinquency commitment, *State v. Baker*, 179 Wis. 2d 655, 658, 508 N.W.2d 40[, 41 ] (Ct. App. 1993).
>
> Finally, a closer examination of [*State v.*] *Beets*[, 124 Wis. 2d 372, 369 N.W.2d 382 (1985),] makes clear that the state's heavy reliance is misplaced. *Beets* is not merely distinguishable, it supports Mr. Thompson's position. The *Beets* analysis begins by noting that confinement due to probation revocation is punishment for the earlier crime, a "continuing consequence" of that crime, 124 Wis. 2d at 378[, 369 N.W.2d at 384–85]. The revocation of Mr. Thompson's aftercare supervision is not continuing *punishment* for the offense [that] led to his delinquency adjudication; it reflects the juvenile authorities' determination that his new offense requires continuing *treatment* in a secured correctional facility. The length of that *treatment* is not governed by a sentence, nor is it reduced by any credit. Mr. Beets was serving a sentence which was reduced by the credit to which he was entitled.
>
> . . .
>
> Here[,] Mr. Thompson's continuing confinement in the juvenile system was clearly and intimately related to the pending charge. The best indication of this is that, although his aftercare supervision was revoked on November 3, 1996[,] he was not

Although distinguishable in several respects, Thompson's circumstances are significantly similar to those in *State v. Baker*, 179 Wis. 2d 655, 508 N.W.2d 40 (Ct. App. 1993). In *Baker*, this court concluded that the defendant was entitled to sentence credit, for the time he was in secure juvenile detention awaiting waiver of juvenile jurisdiction, against the sentence imposed following his waiver to the adult court. *See id.* at 659, 508 N.W.2d at 41. We explained:

> [I]f waiver of jurisdiction is granted, sentence credit would apply retroactively to the date of the filing of the juvenile petition and the waiver request. If the waived defendant is then incarcerated for the waived offense, such as Baker was in this case, secure juvenile detention time would be eligible for credit consideration under sec. 973.155, Stats., as if it were adult jail time.

*Id.* (footnote omitted). Nothing in *Baker* suggests that the result should be any different for a defendant in custody at Ethan Allen rather than at a secure deten-

---

returned to Ethan Allen until January 17, 1997, shortly after he pled guilty. This is apparently because, as defense counsel observed at the time of the plea, "usually the juvenile people look and see what happened in adult court." Obviously, in the adult system, revocation leads to incarceration in a prison or jail; probation and parole authorities don't "look and see" what happens with the pending charge.

In fact, *if* sentencing had occurred as scheduled on February 12, Mr. Thompson would have been at Ethan Allen [S]chool for only 26 days. This wouldn't have been continuing punishment, or even continuing treatment, but simply continuing **custody**—as the juvenile system held Mr. Thompson awaiting the adult court disposition. The repeated postponements (none the fault of Mr. Thompson) do not transform the period between the plea and sentencing into punishment for his earlier, juvenile offense.

(Citations omitted.)

tion center.[3] And certainly nothing in *Baker* suggests that the result should be any different for a defendant *already* under adult court jurisdiction, as distinguished from a defendant awaiting the determination of whether waiver to adult court will take place.

To conclude otherwise would be to simply accept that, whenever an adult charged with a crime remains under the jurisdiction of a juvenile court commitment, the State, unilaterally, could place the adult in custody at a juvenile facility while awaiting trial and sentencing, and could therefore preclude the sentencing court from awarding credit for pre-sentence custody. Clearly, such potential manipulation of sentence credit is inconsistent with "[t]he clear intent of sec. 973.155, Stats. . . .to grant credit for each day in custody *regardless of the basis for the confinement* as long as it is connected to the offense for which sentence is imposed." *State v. Gilbert*, 115 Wis. 2d 371, 380, 340 N.W.2d 511, 516 (1983) (emphasis added).

Therefore, in the unusual circumstances of this case, we conclude that although Thompson's time at Ethan Allen *also* could be considered to have been in connection with his juvenile commitment, "regardless of [that] basis for the confinement," his custody at Ethan Allen was "connected to the offense for which sentence [was] imposed." *See id.* Accordingly, we reverse and remand with directions to award Thomp-

---

[3] Indeed, such a distinction would make no sense given that the location of a juvenile's pre-trial custody—at a local, secure detention facility or at a more distant juvenile correctional facility—may vary over time and depend on many factors, including which county is involved, the capacity and census of the detention and correctional facilities, and the resources available for placement and transportation.

586

son additional credit for the period of his custody from January 17, 1997 to April 15, 1997.

*By the Court.*—Order reversed and cause remanded with directions.